[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2006
THOMAS K. KAHN
CLERK

No. 05-16774
Non-Argument Calendar

_____

D. C. Docket No. 05-00073-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ORRY WESLEY HARMON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(May 25, 2006)**

Before ANDERSON, BIRCH and FAY, Circuit Judges.

PER CURIAM:

Orry Wesley Harmon is appealing a standard condition of his supervised release, which the district court imposed as part of his sentence following his plea of guilty to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g). Harmon argues on appeal that the challenged condition (1) delegates a judicial function to Harmon's probation officer, and (2) is unconstitutionally vague or overbroad. For the reasons set forth more fully below, we affirm.

A federal grand jury returned an indictment, charging Harmon with the above-referenced firearms offense. In pleading guilty, Harmon agreed that, when a Santa Rosa County Sheriff's deputy attempted to initiate a traffic stop on a vehicle Harmon was driving, and this deputy activated her emergency lights and siren, Harmon did not immediately stop his vehicle. However, after a second deputy arrived at the scene, Harmon pulled over and spontaneously stated that everything illegal in the vehicle belonged to him. In addition to recovering precursors to the manufacturing of methamphetamine, the deputies recovered from this vehicle a Smith and Wesson .40 caliber pistol and ammunition for this handgun. Moreover, Harmon agreed that he previously had been convicted of multiple felonies.

After accepting this plea of guilty, the court sentenced Harmon to 48 months' imprisonment and 3 years' supervised release. The court's written sentencing findings included that (1) Harmon was arrested after attempting to

elude law enforcement officers; and (2) a search of the vehicle he was driving revealed the pistol, as well as (a) ammunition that he admitted he had removed from the pistol during the chase, and (b) several items commonly used in the manufacture of methamphetamine. In explaining why it had found appropriate a four-level guideline enhancement, pursuant to U.S.S.G. § 2K2.1(b)(5),[1] the court also discussed that, instead of merely possessing a small amount of a controlled substance for personal use, Harmon was found in possession of List 1 Chemicals that are commonly used in the manufacture of methamphetamine, he had an extensive criminal history of prior drug offenses, and he, therefore, likely possessed the pistol to protect against the theft of the chemicals he intended to use in manufacturing the methamphetamine.

Furthermore, the court's written judgment order contained a section captioned "Standard Conditions of Supervision," under which the court ordered Harmon to "comply with the following standard conditions that have been adopted by this court." Standard Condition Thirteen specifically ordered as follows:

> [A]s directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal

---

[1] Section 2K2.1(b)(5) provides for an increase in a defendant's offense level "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." See U.S.S.G. § 2K2.1(b)(5).

record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Harmon did not object to any conditions of his supervised release.

As discussed above, Harmon is arguing on appeal that the district court plainly erred when it imposed Standard Condition Thirteen because this condition of supervised release improperly delegates to Harmon's probation officer the judicial function of deciding whether, when, and how Harmon must notify "third parties" of "risks that may be occasioned by [his] criminal record or personal history or characteristics." Harmon also contends that this condition is unconstitutionally vague and overbroad on its face because it fails to identify which third parties must be given notice, which of his history or characteristics give rise to the need for the notice, and what such notice must include to be sufficient. He asserts, therefore, that Standard Condition Thirteen should not be enforced absent some finding by the district court that it is reasonably necessary to meet the goals of sentencing, as well as some specification to its application.[2]

---

[2] Harmon concedes in his reply brief that, subsequent to his filing his initial brief, we decided in United States v. Nash, 438 F.3d 1302, 1306-07 (11th Cir. 2006), that Standard Condition Thirteen neither delegates a judicial function to the defendant's probation officer, nor is it unconstitutionally vague or overbroad. Nevertheless, Harmon contends that our decision in Nash was flawed and in conflict with our prior decision in United States v. Heath, 419 F.3d 1312, 1314-15 (11th Cir. 2005).

4

We normally review the terms of a defendant's supervised release for abuse of discretion. Nash, 438 F.3d at 1304. Where the defendant fails to object in the district court, however, we will reverse only for plain error. Id. Similarly, although we review constitutional issues de novo, we will reverse only for plain error where the defendant fails to raise his constitutional objection in the district court. Id.

Because Harmon did not raise in the district court either of his challenges to Standard Condition 13, we review them only for plain error. See id. "To find reversible error under the plain error standard, we must conclude that (1) an error occurred, (2) the error was plain, and (3) the error affected substantial rights." Id. (quoting United States v. Zinn, 321 F.3d 1084, 1088 (11th Cir. 2003)). If these three criteria are met, we may reverse for plain error if the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Nash, 438 F.3d at 1304 (quoting United States v. Olano, 507 U.S. 725, 730-32, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993)).

In Heath, we examined a district court's modification of a condition of a defendant's supervised release, whereby the court ordered that the defendant "shall participate if and as directed by the probation office in such mental health programs as recommended by a psychiatrist or psychologist . . .." See Heath, 418

5

F.3d at 1314.  We determined that this special condition was an improper delegation of a judicial function, in violation of Article III of the United States Constitution,[3] because, in imposing this condition, "[t]he district court delegated to the probation officer not only the administrative supervision of [the defendant's] participation in the mental health program, but also the authority to make the ultimate decision of whether [the defendant] had to participate at all."  See id. at 1315.  Additionally, we rejected the government's argument that this error was not plain because this error affected the defendant's substantial rights and "[a] violation of Article III through the improper delegation of a judicial function meets [the fourth criteria of the plain-error] standard."  See id. at 1316.

On the other hand, in Nash, we recently explained that we "ha[d] upheld conditions of supervised release that unequivocally impose a requirement on the defendant, but subject the defendant to the 'approval' or 'direction' of a probation officer."  See Nash, 438 F.3d at 1305.  We discussed that, because probation officers "play a vital role in effectuating the sentences imposed by district courts," courts may delegate duties to probations officers "to support judicial functions, as long as a judicial officer retains and exercises ultimate responsibility.  See id.

_____

[3] Article III specifically provides that "[t]he judicial Power of the United States, shall be vested in one Supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish."  See U.S. Const., Art. III, § 1.

6

(quotation omitted). We also noted that, "[w]here the court makes the determination of whether a defendant must abide by a condition . . . it is permissible to delegate to the probation officer the details of where and when the condition will be satisfied." Id. (emphasis in original) (quotation omitted). Applying these principles, we concluded in Nash that Standard Condition Thirteen, which directs the probation officer to oversee the enforcement of the defendant's supervised release, did not delegate the "ultimate responsibility" of determining his sentence to the unfettered discretion of the probation officer, and the district court, therefore, did not plainly err in imposing it. See id. at 1305-06.

In Nash, we also examined the constitutional challenge at issue in the instant appeal, that is, that this standard condition is unconstitutionally vague and overbroad because it does not state the risks, third parties, or history and characteristics that would, otherwise, guide a probation officer in the enforcement of the condition. See id. at 1306-07. We discussed that "[c]onditions of supervised release are not vague and overbroad when they are 'undeniably related' to the sentencing factors [in 18 U.S.C. § 3553(a)]." See id. at 1307 (quoting United States v. Taylor, 338 F.3d 1280, 1285 (11th Cir. 2003)). We also explained that the factors that the district court may consider when imposing a sentence include "the nature and circumstances of the offense and the history and

7

characteristics of the defendant" and the need "to protect the public from further crimes of the defendant." See Nash, 438 F.3d at 1307 (quoting 18 U.S.C. § 3553(a)(1); (a)(2)(C)). We concluded in Nash that Standard Condition Thirteen was "undeniably related" to the defendant's current conviction, previous convictions, restitution obligation, along with the need to protect the public from Nash's financial fraud.

Standard Condition Thirteen in the instant appeal is indistinguishable from the condition of release that we upheld in Nash. Thus, we similarly conclude that this standard condition does not relegate the "ultimate responsibility" of determining Harmon's sentence to the unfettered discretion of the probation officer. See id. at 1306. Furthermore, similar to the facts in Nash, this standard condition is "undeniably related" to the sentencing factors in § 3553(a) and, thus, not unconstitutionally vague or overbroad. See id. at 1307. As the district court either explicitly or implicitly noted in its sentencing findings, Harmon was found in possession of List 1 Chemicals that are commonly used in the manufacture of methamphetamine, he had an extensive criminal history of prior drug offenses, and he posed a threat to the public. See 18 U.S.C. § 3553(a)(1) ("the nature and circumstances of the offense and the history and characteristics of the defendant");

8

18 U.S.C. § (a)(2)(C) ("the need for the sentence imposed . . . to protect the public from further crimes of the defendant").

Accordingly, we conclude that the district court did not err, plainly or otherwise, in setting Standard Condition Thirteen in imposing Harmon's conditions of supervised release. We, therefore, affirm.

**AFFIRMED.**