[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-10113

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 30, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00275-CR-T-17EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGER D. VICKERY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 30, 2007)**

Before CARNES, WILSON and HILL, Circuit Judges.

PER CURIAM:

After Roger D. Vickery pleaded guilty to one count of "escape from custody" in violation of 18 U.S.C. § 751(a), the district court sentenced him to a 15-month prison sentence and to a 36-month period of supervised release. In this appeal, he contests three aspects of his supervised release: (1) the condition that he file several past tax returns and pay certain years' back taxes; (2) the provision "authoriz[ing] the probation officer to [conduct] random drug testing not to exceed 104 tests per year"; and (3) the reasonableness of the supervised release term in general. For reasons we will discuss, we are vacating the part of the judgment involving Vickery's supervised release with instructions that the district court revisit its terms.

**I.**

What we know from the record about Vickery's escape is found in his presentence investigation report, the accuracy of which was not contested before the district court. The escape occurred in June 2003, twenty-three months into a 24-month sentence Vickery was serving at the Federal Correctional Institute in Forrest City, Arkansas for violating the conditions of his supervised release on a previous conviction for transporting stolen property across state lines. With his girlfriend driving him, Vickery was released on a "voluntary, unescorted, transfer furlough" with instructions to report to the Hillsborough Community Sanctions

2

Center in Tampa, Florida before midnight on June 2, 2003.  Although Vickery had signed a statement acknowledging that his failure to do so would result in him being punished for  escape, he failed to report to Hillsborough Community Sanctions Center as required.  In fact, Vickery was not seen again until his arrest on May 10, 2005, almost two years later.

Included in the supervised release part of the sentence the district court imposed on Vickery were two sets of conditions that are at issue in this appeal. One of them required Vickery to:

> fully cooperate with the Internal Revenue Service and, in keeping with that cooperation, provide the Internal Revenue Service with lawful tax returns for the years 2002, 2003, and 2004, no later than twelve months (1 year) following his release from custody.

The condition went further and also required Vickery to "pay all outstanding taxes, interest, and penalties relating to his failure to file personal tax returns" for those three years and to verify with his probation officer that he was meeting those income tax obligations "to the fullest extent possible."

Vickery objected to the tax-filing requirements.  The court overruled the objection without explanation.  The court apparently accepted the probation officer's explanation of why the condition should be included.  The probation officer said during the sentence hearing:

[T]here are no tax records from the Internal Revenue Service for the years 2002 through 2004, during which part or all of that time Mr. Vickery was in his status of escape and potentially did earn income and thus Probation inserted that condition.

The other set of conditions about which Vickery complains concerned drug testing. At the sentence hearing, the district court had said only: "The mandatory drug testing requirements of the Violent Crime Control Act are waived, however, the Court authorizes random drug testing not to exceed 104 tests per year." In the written judgment the court specified:

> The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court. The Court authorizes random drug testing not to exceed 104 tests per year.

And the judgment further provided:

> The mandatory drug testing requirements of the Violent Crime Control Act are waived. However, the Court authorizes the probation officer to contact [sic] random drug testing not to exceed 104 tests per year.

"We review the terms of a supervised release for abuse of discretion."

United States v. Nash, 438 F.3d 1302, 1304 (11th Cir. 2006) (per curiam).

## II.

We first take up Vickery's challenge to the requirement that he file tax returns for 2002 through 2004 and pay any back taxes, interest, and penalties for

4

those years.

These tax-related special conditions of Vickery's release were imposed under 18 U.S.C. § 3583(d), which permits a district court to impose any condition "it considers to be appropriate" to the extent that the condition (among other things) is "reasonably related" to the factors listed in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), or (a)(2)(D).   Those factors are:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);  (2) the need to afford adequate deterrence to criminal conduct, § 3553(a)(2)(B);  (3) the need to protect the public from further crimes of the defendant, § 3553(a)(2)(C); and (4) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(D).  We have previously noted that a special condition "need not be related to each [listed] factor," and that, instead, "each factor is an independent consideration to be weighed."  United States v. Bull, 214 F.3d 1275, 1278 (11th Cir. 2000) (emphasis added) (referring to the sentencing guidelines' version of § 3583(d), U.S.S.G. § 5D1.2(b)).

The government concedes that Vickery's tax requirements are not related to any of the last three factors, so the question is whether they are reasonably related to the "nature and circumstances" of Vickery's escape or his own personal "history

5

and characteristics." We know that they are not insofar as the 2002 tax year is concerned. Vickery was incarcerated during all of that calendar year, and there is no suggestion that he somehow earned enough money to require him to file a tax return. The failure to file a tax return for a year when none was required cannot be reasonably related to a crime that had not yet been committed—Vickery didn't escape until June 2003. For this reason by itself, we would have to vacate and remand the sentence for the district court to correct the income tax returns condition of the supervised release part of the sentence.

While the case is back before the district court, it should also reconsider the remainder of the income tax returns part of the condition. There is no explanation in the record about why that condition was reasonably related to the crime of escape. The probation officer said that Vickery did not file income tax returns while on escape, but that does not mean his failure to do so was because he had escaped. There is no evidence that Vickery had ever filed any income tax returns, that he actually earned enough money to do so after he escaped, or that the reason he did not file returns was that he had escaped. The district court made no findings and offered no explanation for the condition. We won't speculate about the basis and then pass on the legal validity of what we come up with.

If, on remand, the district court wishes to re-impose the tax related

condition for the 2003 and 2004 tax years, it should explain how that condition is reasonably related to any of the § 3553 factors upon which a condition may be based, and enter any findings justifying that explanation. Otherwise, the condition should not be made part of the terms of the supervised release.

**III.**

Vickery's next contention is that the condition "authoriz[ing] the probation officer to [conduct] random drug testing not to exceed 104 tests per year" amounts to an impermissible delegation of a judicial function to the probation officer.

The basis for this contention is Article III of the United States Constitution. We have said that Article III permits district courts to delegate to probation officers the "ministerial act[s] or support service[s]" necessary to carrying out criminal sentences, but does not allow them to delegate the "ultimate responsibility" of actually imposing those sentences. Nash, 438 F.3d at 1304–05. For example, "where the [district] court makes the determination of whether a defendant must abide by a condition, . . . it is permissible to delegate to the probation officer the details of where and when the condition will be satisfied." Id. at 1305 (quoting United States v. Stephens, 424 F.3d 876, 880 (9th Cir. 2005)). See, e.g., United States v. Heath, 419 F.3d 1312, 1314–16 (11th Cir. 2005) (per curiam) (vacating as plainly erroneous a supervised release condition that required

7

the defendant to "participate <u>if and as directed by the probation office</u> in such mental health programs as recommended by a psychiatrist or psychologist" (emphasis added)).

On the strength of those authorities, Vickery argues that the drug testing condition of supervised release violates Article III because the court did not order the drug testing referred to in its judgment but instead authorized the testing. If only we will order the district court to change the word "authorizes" to the word "orders," all will be well, Vickery assures us. If we were not sending the case back for more proceedings because of the tax related conditions anyway, we might be tempted to plumb the depths of this issue. But the case does have to go back and the judgment will have to be modified in other respects, and we see no harm in directing the district court, while it has the case back before it and the judgment open, to change its wording so that the drug testing is not merely "authorize[d]" but instead is ordered. It seems a small price to pay to dispose of such a momentous issue.

## IV.

Finally, Vickery challenges the imposition of a three-year supervised release term at all, regardless of its terms and conditions. To support his position, Vickery points to his "long history of mental illness," his unstable work history, and his

criminal history, which he asserts (not concedes, but asserts) is "replete with evidence of his [in]ability to succeed on supervision."

Under our "reasonableness" review of sentences, we evaluate whether the sentence at issue is reasonable in light of the sentencing factors set out in 18 U.S.C. § 3553(a). United States v. Scott, 426 F.3d 1324, 1328 (11th Cir. 2005). As the party challenging the supervised release term, it is Vickery who bears the burden of showing its unreasonableness. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).

In effect, Vickery's point is that his past proves that he is not going to make it through the term of supervised release regardless of any extra conditions, so it is futile to impose one. There is no futility exception to eligibility for supervisory release. Stated differently, Vickery has not carried his burden of showing that the three-year supervised release part of his sentence is unrelated to his "history and characteristics," the need to deter him from future criminal conduct, the need to protect the public from him, or the need to provide him with appropriate post-prison care, just to name a few of the § 3553(a) factors. Including a three-year period of supervised release in Vickery's sentence is reasonable.

## V.

Vickery's sentence is **AFFIRMED**, except that the part of it concerning supervised release is **VACATED**, and the case is **REMANDED** for further proceedings consistent with this opinion.