[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10614
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 18, 2010
JOHN LEY
CLERK

D.C. Docket No. 2:03-cr-00184-MEF-CSC-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DATRIST MCCALL,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(October 18, 2010)

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Datrist McCall appeals the district court's revocation of his term of

supervised release and its imposition of a 23-month prison sentence. He argues that the district court (1) abused its discretion in finding that he violated conditions of his supervised release, and (2) erred in sentencing him to 23 months' imprisonment upon revocation of the release. Because the government proved by a preponderance of the evidence that McCall violated conditions of his supervised release, and because the statutory maximum term of imprisonment for McCall's violations is correctly calculated as 24 months—not one year as he asserts—we affirm.

## I.    Revocation of Supervised Release

McCall argues that the district court abused its discretion when it decided to disregard the prior statements of his girlfriend, Adrianna Johnson, who testified at McCall's January 5, 2010, preliminary hearing that he was not the person who shot her.

We review a district court's revocation of a term of supervised release for abuse of discretion. *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008) (per curiam) (citation omitted). Under 18 U.S.C. § 3583(e)(3), a district court may revoke a term of supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of the release. *United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006) (per curiam). We generally decline

2

to review a district court's determinations as to a witness's credibility. *See United States v. Copeland*, 20 F.3d 412, 413 (11th Cir. 1994) (per curiam) ("The credibility of a witness is in the province of the factfinder and this court will not ordinarily review the factfinder's determination of credibility.").

The district court did not abuse its discretion when it decided to disregard Johnson's prior testimony and police statement. Her testimony at the preliminary hearing was inconsistent with her police statement identifying McCall as the shooter; she even recanted that testimony later in the same preliminary hearing. Another witness's testimony at the revocation hearing established that Johnson was "a compulsive liar." Moreover, because Johnson did not testify at the revocation hearing, the district court had no opportunity to assess her credibility. Given these factors, the district court did not abuse its discretion when it disregarded Johnson's prior statements altogether .

The district court properly credited the testimony and sworn statements of Ophelia Smith, who identified McCall as the shooter after witnessing the shooting in Johnson's apartment. Smith's testimony was consistent with the sworn statement she gave the police soon after the shooting and the photographic evidence of bullet holes in Johnson's apartment. In light of the district court's finding that Smith's testimony was credible, the government proved by a preponderance of the evidence that McCall

violated the conditions of his supervised release when he possessed a firearm and shot his girlfriend. Thus, the district court did not abuse its discretion in revoking McCall's supervised release.

## II.    *Imposition of 23-Month Sentence*

McCall further argues that the district court erred in sentencing him to 23 months' imprisonment. Under his interpretation of 18 U.S.C. § 3583(e), his maximum sentence is properly calculated as 12 months' imprisonment. He argues that the offenses relevant to calculating the length of his sentence are the two non-felonies that resulted in his second term of supervised release.

Ordinarily, we review *de novo* a sentence imposed pursuant to the revocation of a term of supervised release, *United States v. Mazarky*, 499 F.3d 1246, 1248 (11th Cir. 2007), but where an appellant argues for the first time on appeal that his sentence exceeds the statutory maximum, as McCall does here, we will review only for plain error.[1] *See United States v. Nash*, 438 F.3d 1302, 1304 (11th Cir. 2006) (per curiam) ("We review the terms of a supervised release for abuse of discretion, but where the defendant fails to object at the district court, we reverse only for plain error."). "To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3)

---

[1]McCall has abandoned any argument as to the reasonableness of his sentence because he failed to offer argument on this issue in his initial brief. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

that affects substantial rights." *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) (per curiam) (citation omitted).

Here, the district court made no error, plain or otherwise, because it correctly calculated the statutory maximum term of imprisonment as 24 months. Upon revoking a term of supervised release, a court may:

> require the defendant to serve in prison all or part of the term of supervised release authorized by statute *for the offense that resulted in such term of supervised release* . . . except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation . . . more than 2 years in prison if such offense is a Class C or D felony . . . .

18 U.S.C. § 3583(e)(3) (emphasis added). Contrary to McCall's interpretation, the imposition of penalties for violations of conditions of a supervised release is based on the offense conduct *that resulted in the original conviction*, not the offense conduct that triggered a new term of supervised release. *See Johnson v. United States*, 529 U.S. 694, 701 (2000) ("We . . . attribute postrevocation penalties to the original conviction."). The conduct that resulted in McCall's original conviction was a Class C felony—the possession of a firearm by a convicted felon, a violation of 18 U.S.C. § 922(g)(1). Thus, under § 3583(e)(3), the maximum term of imprisonment following revocation of McCall's supervised release is two years. Accordingly, we find that the district court did not err in imposing a 23-month sentence.

### III. Conclusion

5

The district court (1) did not abuse its discretion in finding that McCall violated conditions of his term of supervised release, and (2) properly sentenced him to 23 months' imprisonment upon revocation of the release.

**AFFIRMED.**