[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14691
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cr-00471-RAL-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS C. BEASLEY,
a.k.a. Thomas Clifton Beasley,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 16, 2013)

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

On December 9, 2011, the District Court sentenced Thomas Beasley to a prison term of 140 months after he plead guilty pursuant to a plea agreement to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  In sentencing Beasley, the court granted the Government's substantial assistance motion pursuant to U.S.S.G. § 5K1.1 and reduced his offense level by one level.

Beasley's plea agreement contains a sentence appeal waiver. Notwithstanding the waiver, Beasley appeals his sentence, arguing that (1) the court erred in failing to consider, apply, and explain the § 5K1.1 factors, and (2) the Government breached the plea agreement by failing to properly apprise the court of his substantial assistance.  The Government, responding, contends that Beasley's appeal is barred by the appeal waiver.

We review the validity of a sentence appeal waiver *de novo*.  *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).  A sentence appeal waiver will be enforced if it was made knowingly and voluntarily.  *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).  To establish that the waiver was made knowingly and voluntarily, the Government must show either that (1) the court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver.  *Id.*

2

Here, it is clear from the plea agreement and the plea colloquy that Beasley knowingly and voluntarily waived his right to appeal his sentence. During the plea colloquy, the court specifically informed him of the presence of the appeal waiver and verified that he understood it. *See Bushert*, 997 F.2d at 1351. Moreover, even if the court's questions regarding the sentence appeal waiver were insufficiently specific, he signed the overall plea agreement and initialed the page containing the waiver. This, combined with his responses during the plea colloquy, make it manifestly clear that Beasley understood the full significance of the waiver. *See id.* No exception to Beasley's appeal waiver applies, nor does Beasley contend that it does. Accordingly, we dismiss this portion of Beasley's appeal.

An appeal waiver does not foreclose a defendant's appeal that the government breached the plea agreement at sentencing. *See United States v. Copeland*, 381 F.3d 1101, 1104-05 (11th Cir. 2004) (holding that defendant retained right to appeal breach of plea agreement where appeal waiver stated that "the defendant knowingly waives the right to appeal any sentence imposed in the instant case . . . ."). Here, Beasley failed to inform the District Court at sentencing that the Government was breaching the plea agreement in not fully advising the court of his substantial assistance; hence, we review this claim for plain error. *See United States v. Nash*, 438 F.3d 1302, 1304 (11th Cir. 2006) (holding that, where the defendant fails to object in the district court, this court reverses only for plain

3

error).  To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights.  *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005).  If all three conditions are met, we may exercise our discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*  The government violates a written plea agreement when its conduct is inconsistent with the agreement's terms that reasonably were understood by the defendant when entering the guilty plea. *United States v. Nelson*, 837 F.2d 1519, 1521-22 (11th Cir. 1988).

We find no error here, much less plain error.  Beasley cites no binding precedent, and we find none, that would have put the District Court on notice that, in moving the court to reduce Beasley's offense level pursuant to § 5K1.1, the Government was breaching the plea agreement and that the court had a duty to intervene <u>sua sponte</u> and derail the breach.

In sum, pursuant to the appeal waiver, we dismiss the appeal of the court's purported failure to properly consider, explain and apply the § 5K1.1 factors.  As for Beasley's argument that the Government breached the plea agreement, we find no merit.

DISMISSED, in part; AFFIRMED, in part.

4