[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13595
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20829-JAL-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENITO LAHERA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 29, 2014)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Benito Lahera pleaded guilty pursuant to a written plea agreement to possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a).  Lahera now raises two arguments on appeal.  First, he argues that his trial counsel was ineffective for advising or allowing him to enter into a plea agreement containing a "mandatory" cooperation provision.  Second, he seeks to void his plea agreement, claiming the cooperation provision violates his Fifth Amendment privilege against self-incrimination because it requires him to incriminate himself with respect to other criminal activities beyond his conviction.  After review, we affirm.

I.

We turn first to Lahera's claim his attorney was ineffective, a claim which we review de novo.  United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002).  In general, we will not consider claims of ineffective assistance of counsel raised on direct appeal "where the district court did not entertain the claim nor develop a factual record."  Id.  "The preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion even if the record contains some indication of deficiencies in counsel's performance."  United States v. Patterson, 595 F.3d 1324, 1328 (11th Cir. 2010) (quotation marks omitted).

2

In keeping with these principles, we decline to review Lahera's ineffective-assistance-of-counsel claim at this time.  Because the district court did not consider whether Lahera's trial counsel rendered ineffective assistance, there is no factual record for us to review.  See Bender, 290 F.3d at 1284.  Neither the plea colloquy nor the sentencing transcripts provide a sufficient record for us to determine whether Lahera's counsel was ineffective, particularly in connection with any advice his counsel may have given regarding the cooperation provision.

## II.

Lahera's other argument is that the plea agreement must be voided because the cooperation provision requires him to incriminate himself in violation of the Fifth Amendment.  Paragraph 6, subsection (c), of his plea agreement says "the defendant agrees that he will not protect any person or entity through false information or omission."  Because "any person" arguably includes Lahera himself, he asserts that the agreement requires him to disclose self-incriminating information in violation of the Fifth Amendment.

We review constitutional claims de novo, but when a defendant fails to raise a claim before the district court, we will only reverse upon a showing of plain error.  United States v. Nash, 438 F.3d 1302, 1304 (11th Cir. 2006) (per curiam).  The party alleging the error bears the burden to show that (1) the district court committed an error, (2) the error was plain, (3) the error affected the party's

3

substantial rights, and (4) the error seriously affected the fairness of the judicial proceedings.  Id.

The Self-Incrimination Clause of the Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V, cl. 2.  A person may invoke the privilege to "protect[] against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." Kastigar v. United States, 406 U.S. 441, 444–45, 92 S.Ct. 1653, 1656 (1972).  A violation of the Self-Incrimination Clause does not occur until the government uses a defendant's compelled testimonial statement at a criminal trial resulting in his conviction.  Chavez v. Martinez, 538 U.S. 760, 767, 123 S. Ct. 1994, 2001 (2003).

We reject Lahera's second argument because he has failed to show how the inclusion of the cooperation provision in his plea agreement affected his substantial rights.  See Nash, 438 F.3d at 1304.  Lahera does not allege that the government has attempted to enforce the plea agreement by compelling him to divulge self-incriminating information.  In fact, Lahera concedes that he "has failed to provide information to the Government regarding any other individuals and himself." Despite Lahera's decision not to cooperate, the government fulfilled its other promises in the plea agreement to move for a three-level reduction to Lahera's offense level for acceptance of responsibility and to recommend a sentence at the

4

low end of the guideline range.  Beyond that, if the government attempts to use any self-incriminating statements to convict Lahera in the future, he can challenge the admissibility of those statements at that time.  <u>Chavez</u>, 538 U.S. at 767, 123 S. Ct. at 2001.

III.

Because Lahera has failed to allege any reversible error in connection with his plea agreement, we **AFFIRM.**