[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-11440
Non-Argument Calendar

_____

D. C. Docket No. 04-00099-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GLORIA NEWELL NASH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(February 13, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Gloria Newell Nash appeals three conditions of her supervised release. Nash was sentenced to eight months of imprisonment and two years of supervised release for theft of government property. See 18 U.S.C. § 641. Nash argues that the district court plainly erred by imposing (1) three conditions of her supervised release that improperly delegated a judicial function to a probation officer and (2) one condition that was unconstitutionally vague and overbroad. Although the district court plainly erred in delegating to the probation officer the decision whether Nash should participate in a mental health program, see United States v. Heath, 419 F.3d 1312, 1315 (11th Cir. 2005), the district court did not err in imposing the remaining two conditions, both of which were specifically recommended by the Sentencing Guidelines. We vacate and remand in part and affirm in part.

## I. BACKGROUND

Nash pleaded guilty to one count of theft of governmental property for fraudulently receiving $41,416 in Social Security benefits. Nash had prior convictions for petit larceny, eight instances of issuing worthless checks, unauthorized use of public assistance, and petit theft. The district court sentenced Nash to eight months of imprisonment and two years of supervised release. The district court also ordered $41,416 in restitution to be paid in monthly installments

of not less than $90 per month. Nash did not object to the sentence.

The court imposed fourteen standard conditions and four special conditions on Nash's supervised release. Special Condition One states, "As deemed necessary by the Probation Officer, the defendant shall participate in mental health counseling, which may include inpatient treatment." Special Condition Four states, "The defendant shall secure prior approval from the probation office before opening any checking, credit, or debit account." Standard Condition Thirteen states, "As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement." Nash appeals these conditions of her supervised release.

## II. STANDARD OF REVIEW

We review the terms of a supervised release for abuse of discretion, but where the defendant fails to object at the district court, we reverse only for plain error. United States v. Zinn, 321 F.3d 1084, 1088 (11th Cir. 2003). We review constitutional issues de novo, but reverse only for plain error where the defendant fails to object at the district court. United States v. Walker, 56 F.3d 1196, 1198 (1995).

## III. DISCUSSION

Nash argues that Special Condition One, Special Condition Four, and Standard Condition Thirteen of her supervised release are an improper delegation of judicial authority because they do not limit the discretion of the probation officer. Nash also contends that Standard Condition Thirteen is unconstitutionally vague because it does not define when and to whom notice is required. We discuss each argument in turn.

### A. Whether the District Court Delegated Judicial Functions?

Nash contends that the district court plainly erred because Special Condition One, Special Condition Four, and Standard Condition Thirteen of her supervised release are improper delegations of judicial function in violation of Article III of the United States Constitution. See U.S. Const., art. III. "To find reversible error under the plain error standard, we must conclude that (1) an error occurred, (2) the error was plain, and (3) the error affected substantial rights." Zinn, 321 F.3d at 1088. If these three criteria are met, we may reverse for plain error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 730–32, 113 S. Ct. 1770, 1776 (1993).

To determine if a court improperly delegated the judicial authority of sentencing, we have drawn a distinction between the delegation to a probation

4

officer of "a ministerial act or support service" and "the ultimate responsibility" of imposing the sentence. See Bernardine, 237 F.3d at 1283; see also United States v. Heath, 419 F.3d 1312, 1315 (11th Cir. 2005); United States v. Taylor, 338 F.3d 1280, 1283–84 (11th Cir. 2003); United States v. Zinn, 321 F.3d 1084, 1092 (11th Cir. 2003). Although "[a] probation officer is an 'arm of the court,'" Bernardine, 237 F.3d at 1283 (quoting United States v. Ruiz, 580 F.2d 177, 178 (5th Cir. 1978)), and "is statutorily mandated to 'perform any . . . duty that the court may designate,'" id. (quoting 18 U.S.C. § 3603(10)), Article III courts may not delegate the "ultimate responsibility" of judicial functions to probation officers, id. (citing United States v. Johnson, 48 F.3d 806, 808–09 (4th Cir. 1995)). Because probation officers "play a vital role in effectuating the sentences imposed by district courts," Taylor, 338 F.3d at 1284, courts may delegate duties to probation officers "to support judicial functions, as long as a judicial officer retains and exercises ultimate responsibility." Id. (quoting United States v. Johnson, 48 F.3d 806, 808–09 (4th Cir. 1995)). "Indisputably under our constitutional system, the right . . . to impose the punishment provided by law, is judicial." Ex parte United States, 242 U.S. 27, 41– 42, 37 S. Ct. 72, 74 (1916). "[W]here the court makes the determination of whether a defendant must abide by a condition, . . . it is permissible to delegate to the probation officer the details of where and when the

5

condition will be satisfied." United States v. Stephens, 424 F.3d 876, 880 (9th Cir. 2005).

We have upheld conditions of supervised release that unequivocally impose a requirement on the defendant, but subject the defendant to the "approval" or "direction" of a probation officer. For example, we concluded that the district court did not plainly err by imposing a condition that stated the defendant "shall participate as directed in a program of mental health treatment including a sexual offender treatment program approved by the probation officer." Zinn, 321 F.3d at 1092 (emphasis added). We also affirmed, under an abuse of discretion standard, a condition of supervised release that required the defendant "to participate in a mental health program . . . approved by the probation officer, and abide by the rules, requirements and conditions of the treatment program, including submitting to polygraph testing." Taylor, 338 F.3d at 1283 (emphasis added). In both decisions, we noted that the Sentencing Guidelines "'expressly permit[]' the district court to require defendants to 'participate in a mental health program approved by the United States Probation Office.'" Id. at 1284 (quoting U.S.S.G. § 5B1.3(d)(5)).

We also recently concluded that a district court plainly errs when it delegates "to the probation officer the authority to decide whether a defendant will

6

participate in a treatment program." Heath, 419 F.3d at 1315 (emphasis added). In Heath, the district court imposed a condition that "[t]he defendant shall participate if and as directed by the probation office in such mental health programs as recommended by a psychiatrist or psychologist . . . ." Id. at 1314 (emphasis added). We stated that this condition "delegated to the probation officer not only the administrative supervision of Heath's participation in the mental health program, but also the authority to make the ultimate decision of whether Heath had to participate at all." Id. at 1315. Because "imposing a sentence on a defendant is a judicial function" that affected the terms of the sentence and "[a] violation of Article III through the improper delegation of a judicial function" "seriously affects the fairness, integrity, or public reputation of judicial proceedings," we concluded that the district court had plainly erred. Id.

We apply these principles to the challenged conditions of Nash's supervised release. Special Condition One of Nash's supervised release constitutes plain error because it delegates the "ultimate responsibility" of sentencing to the probation officer. It states that "[a]s deemed necessary by the Probation Officer, the defendant shall participate in mental health counseling." "[T]he sentencing guidelines expressly permit the court, and only the court, to impose 'a condition requiring that the defendant participate in a mental health program.'" Heath, 419

7

F.3d at 1315 (citing U.S.S.G. § 5B1.3(d)(5)). Although the condition states that Nash "shall" participate in mental health counseling, this order is subject to the conditional phrase "[a]s deemed necessary by the Probation Officer." In other words, whether Nash "shall" participate in mental health counseling turns on the judgment of the probation officer, not the court. Like the condition we rejected in Heath, the district court has delegated to the probation officer the "ultimate responsibility" of whether Nash must participate in mental health counseling instead of the "ministerial function" of how, when, and where the defendant must participate. The district court plainly erred when it imposed Special Condition One. See Heath, 419 F.3d at 1315.

Special Condition Four and Standard Condition Thirteen, by contrast, impose clear directives on the defendant subject to the administrative supervision of a probation officer. Special Condition Four states, "The defendant shall secure prior approval from the probation office before opening any checking, credit, or debit account." Nash is required to seek prior approval of the probation office as a condition of her supervised release; the sentence imposed leaves to the probation officer only the ministerial approval of the accounts Nash may open. Further, the Sentencing Guidelines explicitly recommend "a condition prohibiting the defendant from incurring new credit charges or opening additional lines of credit

8

without approval of the probation officer" where restitution is imposed. U.S.S.G. § 5D1.3(d)(2); see also United States v. Zinn, 321 F.3d at 1092 (finding no plain error where a condition of supervised release was "consistent with the Sentencing Guidelines"). Special Condition Four mandates the defendant to abide by a condition of supervised release subject only to the administrative "approval" of the probation office.

Standard Condition Thirteen likewise does not improperly delegate a judicial function to a probation officer. Nash is obligated to "notify third parties of risks that may be occasioned by [Nash]'s criminal record or personal history or characteristics" "[a]s directed by the probation officer." The probation officer may "direct" when, where, and to whom notice must be given, but may not unilaterally decide whether Nash "shall" do so at all. The language of this condition is also specifically recommended by the Sentencing Guidelines as a term of supervised release. See U.S.S.G. § 5D1.3(d)(2). Standard Condition Thirteen directs the probation officer to oversee the enforcement of Nash's supervised release, but does not relegate the "ultimate responsibility" of determining Nash's sentence to the unfettered discretion of the probation officer. The district court did not plainly err by imposing Special Condition Four and Standard Condition Thirteen.

9

*B. Whether Standard Condition Thirteen Is Vague and Overbroad?*

Nash argues that Standard Condition Thirteen is vague and overbroad because it does not state the risks, third parties, or history and characteristics that would otherwise guide a probation officer in the enforcement of this condition. The Sentencing Guidelines permit the court to impose conditions of supervised release that are "reasonably related" to the sentencing factors, "involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth," and "are consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d); Zinn, 321 F.3d at 1089. Conditions of supervised release are not vague and overbroad when they are "undeniably related" to the sentencing factors. Taylor, 338 F.3d at 1285; see 18 U.S.C. § 3553(a). The factors that the district court may consider when imposing a sentence include "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1); (a)(2)(C).

Standard Condition Number Thirteen is "undeniably related" to Nash's current conviction, previous convictions, restitution obligation, and the need to protect the public from Nash's financial fraud. Nash admitted that she fraudulently received Social Security Benefits and has prior convictions for check fraud, petit

larceny, petit theft, and unauthorized use of public assistance. Nash's convictions inform the probation officer as to which parties "may be occasioned" to be harmed by Nash. Nash's criminal history and restitution obligation direct the probation officer to enforce this condition of her supervised release with a view toward the prevention of future fraud and the fulfillment of her restitution obligations. See id. § 3553(a)(2)(C). In the light of Nash's previous and current convictions and the mandated restitution, Standard Condition Number Thirteen is neither vague nor overbroad.

## IV. CONCLUSION

Because the district court plainly erred by imposing Special Condition Number One, we vacate and remand for resentencing. Because Special Condition Number Four and Standard Condition Number Thirteen only delegate ministerial duties to the probation officer and Standard Condition Number Thirteen is not vague or overbroad, we affirm.

**VACATED AND REMANDED IN PART, AND AFFIRMED IN PART**.

11