[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 15, 2006
THOMAS K. KAHN
CLERK

No. 05-15942
Non-Argument Calendar

_____

D. C. Docket No. 05-00052-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSIEL AVILA-TRUJILLO,
a.k.a. Ociel Avila,
a.k.a. Ociel Avial-Trujillo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(March 15, 2006)**

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Osiel Avila-Trujillo appeals a condition of his supervised release. Avila-Trujillo argues that (1) the district court plainly erred because the condition delegates a judicial function to a probation officer and (2) is unconstitutionally vague and overbroad. We affirm.

Avila-Trujillo was found in a residence that was raided as part of a joint federal and state narcotics investigation. He admitted to an officer that he had illegally re-entered the United States after he was deported in 1997 and had a counterfeit alien registration card. He pleaded guilty to possession or use of a counterfeit alien identification card, 18 U.S.C. § 1546(a), and illegal re-entry into the United States after deportation, 8 U.S.C. § 1326.

The district court sentenced Avila-Trujillo to ten months of imprisonment followed by one year of supervised release. The district court adopted the Pre-Sentence Investigation report that assessed a criminal history category of III because of Avila-Trujillo's three prior convictions for assaulting his common law wife. As part of Avila-Trujillo's supervised release, the district court imposed Standard Condition Thirteen, which requires that "as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the

2

defendant's compliance with such notification requirement." Avila-Trujillo did not object to this condition.

Avila-Trujillo argues that the district plainly erred because Standard Condition Thirteen impermissibly delegates a judicial function to a probation officer and is unconstitutionally vague and overbroad. We review the terms of a supervised release for abuse of discretion, but where the defendant fails to object at the district court, we reverse only for plain error. United States v. Zinn, 321 F.3d 1084, 1088 (11th Cir. 2003). We review constitutional issues de novo, but reverse only for plain error where the defendant fails to object at the district court. United States v. Walker, 56 F.3d 1196, 1198 (1995).

The district court did not plainly err when it imposed Standard Condition Thirteen. "We have upheld conditions of supervised release that unequivocally impose a requirement on the defendant, but subject the defendant to the 'approval' or 'direction' of a probation officer." United States v. Nash, ___ F.3d ___, No. 05-11440, manuscipt op. at 6 (11th Cir. Feb. 13, 2006). Standard Condition Thirteen is indistinguishable from the condition of supervised release we upheld in Nash. See id. at 9. Standard Condition Thirteen does "not relegate the 'ultimate responsibility' of determining [Avila-Trujillo]'s sentence to the unfettered discretion of the probation officer." Id. at 9.

Standard Condition Thirteen is also not unconsitutionally vague and overbroad. "Conditions of supervised release are not vague and overbroad when they are 'undeniably related' to the sentencing factors." Id. at 10 (quoting United States v. Taylor,  338 F.3d 1280, 1283–84 (11th Cir. 2003)); see 18 U.S.C. § 3553(a). Standard Condition Thirteen is "undeniably related" to Avila-Trujillo's refusal to comply with immigration orders and his multiple convictions for assault. See Nash, No. 05-11440, at 10–11. Notification to third parties of these prior convictions would protect the public. See 18 U.S.C. § 3553(a)(2)(C).

Standard Condition Thirteen of Avila-Trujillo's supervised release is **AFFIRMED.**