[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12173
Non-Argument Calendar

_____

D.C. Docket No. 8:08-cr-00242-RAL-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABRIEL BLAIR STITT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 6, 2012)

Before TJOFLAT, MARTIN and FAY, Circuit Judges.

PER CURIAM:

The District Court revoked Gabriel Stitt's supervised release on the ground

that he had engaged in conduct that constituted a felony battery under Florida law, a "Grade A" violation under the Sentencing Guidelines, U.S.S.G. § 7B1.1(a), notwithstanding that the State did not charge and convict Stitt of the felony. In determining the sentence to be imposed, the District Court calculated Stitt's guidelines sentence range as calling for incarceration for a term of 33 to 41 months. The statutory maximum term the court could impose was 26 months, see 18 U.S.C. § 3583(e), and the court sentenced Stitt to that maximum term. Stitt now appeals the revocation of supervised release on the ground that the District Court lacked constitutional authority to revoke his supervision because he had not been convicted of the felony battery. Put in his words, "the Federal Government had no power to enforce a State criminal law against [him] after the State Attorney of Hillsborough County had determined not to prosecute [him] for felony battery." Appellant's br. at 12.

Stitt's problem is that he did not present this argument to the District Court. Hence, we consider it under the plain error doctrine. *See United States v. Nash*, 438 F.3d 1302, 1304 (11th Cir. 2006). Under plain error review, we have discretion to correct an error where it: (1) occurred, (2) was plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity or public reputation of judicial proceedings. *United States v. Turner*, 474 F.3d 1265, 1276

2

(11th Cir. 2007). An error is not plain when no decision from the Supreme Court or this Court directly resolves the issue in favor of the defendant. *United States v. Humphrey*, 164 F.3d 585, 588 (11th Cir. 1999). That is the case here; Stitt cites no decision holding that supervised release cannot be revoked for criminal conduct that, in fact, occurred but did not result in a criminal conviction because it was not charged. In short, there was no error here, much less plain error. To the extent that Stitt argues that the District Court clearly erred in finding that he engaged in the conduct cited in the petition to revoke supervised release, his argument is frivolous; the evidence fully supports the court's finding.

AFFIRMED.