[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12949
Non-Argument Calendar
_____

D.C. Docket No. 5:04-cr-00017-RS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIKEL STEPHEN CARROLL,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(November 13, 2013)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Mikel Carroll appeals a special condition of his supervised release, imposed upon his sentencing and revocation of a previous term of supervised release, 18 U.S.C. § 3583(e).  Carroll contends the special condition of supervised release—requiring him to undergo a mental health evaluation with a view toward sex offenses and complete any recommended mental health or sex offender treatment program—is an improper delegation of judicial authority in violation of Article III of the United States Constitution.[1]

Normally, we review the terms of a supervised release for abuse of discretion and review constitutional issues *de novo*.  *United States v. Nash*, 438 F.3d 1302, 1304 (11th Cir. 2006).  To preserve an issue for appeal, however, an appellant "must raise an objection that is sufficient to apprise the trial court and the opposing party of the particular grounds upon which appellate relief will later be sought."  *United States v. Straub*, 508 F.3d 1003, 1011 (11th Cir. 2007).  Because Carroll objected to the special condition of his supervised release on statutory and reasonableness grounds only, he did not adequately preserve the constitutional issue for appeal.

Where an issue is not preserved below, we review for plain error.  *See Nash*, 438 F.3d at 1304.  To satisfy the plain-error standard, we must find that (1) the

---

[1] Carroll also argues the special condition was unreasonable because it "appears to require a second evaluation at Carroll's own expense."  Carroll cites no authority for this assertion, and the district court did not abuse its discretion by attaching this special condition to Carroll's supervised release.

district court committed error, (2) the error was plain or obvious, and (3) the error affects substantial rights. *United States v. Olano*, 113 S. Ct. 1770, 1776 (1993). An error is not plain "unless the error is clear under current law." *Id.* at 1777.

"To determine if a court improperly delegated the judicial authority of sentencing, we have drawn a distinction between the delegation to a probation officer of 'a ministerial act or support service' and 'the ultimate responsibility' of imposing the sentence. *Nash*, 438 F.3d at 1304-05. Article III courts may not delegate the ultimate responsibility of judicial functions to probation officers, but courts may delegate the ministerial function of how, when, and where the defendant must participate. *Id.* at 1306.

The district court ordered that Carroll "shall" be evaluated for mental health treatment with a view towards sex offenses and that he "shall" complete "any recommended" mental health or sex offender treatment program. Like in *Nash*, although the condition states that Carroll "shall" participate in a mental health or sex offender treatment program, this order is subject to the conditional phrase that the program be "any recommended" one. *See Nash*, 438 F.3d at 1306. Unlike in *Nash*, however, the effect of this conditional phrase is a matter of interpretation, especially because it makes no specific mention of the probation officer. This condition can be read to leave no discretion to the probation officer: Carroll shall complete whatever mental health or sex offender treatment program is

3

recommended by his mental health evaluation.   Given this interpretation of the language, it is not "plain" or "obvious" under current law that Carroll's special condition of supervised release improperly delegates judicial authority. Accordingly, we affirm.

**AFFIRMED.**