**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4473**
_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

    v.

ANDRE LAMONT COOK,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:09-cr-00218-LO-1)

_____

Submitted: January 28, 2016       Decided: February 4, 2016

_____

Before DUNCAN, AGEE, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Geremy C. Kamens, Acting Federal Public Defender, Cadence Mertz, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Anna G. Kaminska, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andre Lamont Cook pled guilty in 2009 to travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b) (2012). He was sentenced to 46 months' imprisonment, followed by ten years of supervised release. The terms of Cook's supervised release included a number of Special Conditions, including the following:

> 7. The defendant shall not possess or use a computer to access any online computer services at any location, including employment, without the prior approval of the probation officer. This includes any internet service providers, bulletin board systems, or any other public or private computer network. However, if the Court determines that the defendant should be allowed access to a computer and/or the Internet, it is recommended that the defendant comply with the requirements of the Computer Monitoring Program as administered by the Probation Office. The defendant shall consent to the installation of computer monitoring software on any computer to which the defendant has access.

Shortly after Cook began his term of supervised release, he signed a Computer & Internet Monitoring Program Participant Agreement, in which he agreed to "not possess or permit another individual to bring or possess an unauthorized computer in my home."

In July 2015, the United States Probation Office sought revocation of Cook's supervised release, alleging that Cook possessed devices capable of accessing the internet (desktop computers and an iPhone), without prior approval of the

2

Probation Officer. At the revocation hearing, Cook presented the testimony of two witnesses who stated that Cook did not use the computers and did not have the password to the iPhone found in his car. The district court specifically discredited their testimony, found that Cook violated the terms of his supervised release by possessing the devices, and sentenced Cook to time served and imposed an additional term of supervised release. He noted a timely appeal. We affirm.

We review a district court's judgment revoking supervised release for abuse of discretion, and its factual findings for clear error. United States v. Padgett, 788 F.3d 370, 373 (4th Cir.), cert. denied, 136 S. Ct. 494 (2015); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012); Copley, 978 F.2d at 831. "[A] preponderance of the evidence . . . simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted).

Cook argues, first, that the district court erred in finding that he violated Special Condition 7 because it failed to find that he actually possessed or used a computer and that he did so to access online computer services. Cook's

3

interpretation of Special Condition 7 would limit violations to actual use of a computer to access the internet. However, the language clearly encompasses possession or use of a computer that is capable of accessing the internet. Such restrictions are routinely imposed on defendants convicted of sex offenses involving use of a computer. See, e.g., United States v. Carpenter, 803 F.3d 1224, 1239 (11th Cir. 2015) (noting that "our cases have uniformly upheld conditions prohibiting defendants convicted of sex offenses from accessing a computer or the Internet for the duration of their supervised release"); United States v. Zinn, 321 F.3d 1084, 1087 (11th Cir. 2003) (upholding condition of supervised release that the defendant "shall not possess or use a computer with access to any on-line service at any location, including employment, without written approval from the probation officer"). Because the evidence supported a finding that Cook possessed two internet-capable devices without prior approval or monitoring programs installed, the district court did not clearly err in finding that he violated Special Condition 7.

Next, Cook argues that the district court erred in finding a violation of Special Condition 7 by referring to the Computer Monitoring Agreement because it is not part of the terms of his supervised release; rather, Special Condition 7 only "recommended" compliance with the Agreement. Cook also claims

4

that, by allowing the probation officer to administer the Computer Monitoring Program, the court impermissibly delegated it authority to set the terms of supervised release.

We reject both of these arguments. First, Special Condition 7 clearly prohibits the unauthorized use or possession of the devices at issue, without reference to the Agreement. And, second, probation officers "are authorized to manage aspects of sentences and to supervise probationers and persons on supervised release with respect to all conditions imposed by the court." United States v. Johnson, 48 F.3d 806, 808 (4th Cir. 1995). A court may not, however, delegate to a probation officer a judicial function, as such a delegation violates Article III of the Constitution. Id. at 808-09. "To determine if a court improperly delegated the judicial authority of sentencing, [courts] have drawn a distinction between the delegation to a probation officer of a ministerial act or support service and the ultimate responsibility of imposing the sentence." United States v. Nash, 438 F.3d 1302, 1304-05 (11th Cir. 2006) (internal quotation marks omitted). "Where the court makes the determination of whether a defendant must abide by a condition, it is permissible to delegate to the probation officer the details of where and when the condition will be satisfied." Id. (internal quotation marks, brackets, and ellipsis omitted).

5

Here, the district court delegated to the probation officer only the particular terms and conditions outlined in Special Condition 7 and thus constituted a "ministerial act or support service." Nash, 438 F.3d at 1304-1305.

Finally, Cook argues that the evidence failed to show that he used or owned any unauthorized internet-capable computer. Specifically, Cook relies on the testimony of two witnesses who stated that: (1) the computers at issue were never used by him and, with respect to the computer found in his bedroom, was not capable of accessing the internet, and (2) he did not have the password to the iPhone. However, the district court specifically discredited both witness' testimony. Credibility determinations are not subject to review. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

Accordingly, we find that the district court did not abuse its discretion in revoking Cook's supervised release. Therefore, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED