[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11602
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cr-00184-AKK-SGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GLEN EDWARD RAY, JR.,
a.k.a. Woo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(March 3, 2017)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Glen Ray, Jr. appeals his conviction for possession with the intent to

distribute 28 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) &

(b)(1)(B).  At trial, evidence was introduced that Anniston police officer Duston Beal, who assisted other officers with Ray's arrest during a traffic stop another officer initiated, discovered drugs in Ray's pocket.  Ray sought to present to the jury the fact that Beal was forced to resign from the police force a few months later because of a pattern of stopping and questioning citizens without reasonable suspicion, in violation of Terry v. Ohio, 392 U.S. 1 (1968).  On appeal, Ray argues that the district court abused its discretion and violated his Fifth and Sixth Amendment rights when it prevented him from presenting any evidence related to Beal's resignation.  After thorough review, we affirm.

We review questions of constitutional law de novo.  United States v. Nash, 438 F.3d 1302, 1304 (11th Cir. 2006).  We review evidentiary rulings for clear abuse of discretion.  United States v. Perez-Oliveros, 479 F.3d 779, 783 (11th Cir. 2007).  To challenge the district court's exclusion of evidence, a party must show the error affected a substantial right, and must inform the court of the substance of the excluded evidence by an offer of proof, unless the substance was apparent from the context.  Fed. R. Evid. 103(a)(2).  We will reverse a district court's erroneous evidentiary ruling only if the error was not harmless.  United States v. Bradley, 644 F.3d 1213, 1270 (11th Cir. 2011).  An evidentiary error is harmless unless there is a reasonable likelihood that it affected the defendant's substantial rights.  Id.

2

The Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense. Crane v. Kentucky, 476 U.S. 683, 690 (1986); see United States v. Hurn, 368 F.3d 1359, 1362 (11th Cir. 2004) (stating that "the idea that criminal defendants must be afforded the opportunity to present evidence in their favor" is implicit in the rights to compulsory process under the Sixth Amendment and due process under the Fifth Amendment). A defendant's right to a fair trial under the Fifth and Sixth Amendments is "violated when the evidence excluded is material in the sense of a crucial, critical, highly significant factor." Hurn, 368 F.3d at 1363-64. In assessing a defendant's claims under the Fifth and Sixth Amendments to call witnesses in his defense, we engage in a two-step analysis: (1) whether the right was actually violated; and if so, (2) whether this error was "harmless beyond a reasonable doubt." Id. at 1362-63 (quotation omitted). A district court's exclusion of a defendant's evidence violates the Compulsory Process and Due Process guarantees in four circumstances:

> First, a defendant must generally be permitted to introduce evidence directly pertaining to any of the actual elements of the charged offense or an affirmative defense. Second, a defendant must generally be permitted to introduce evidence pertaining to collateral matters that, through a reasonable chain of inferences, could make the existence of one or more of the elements of the charged offense or an affirmative defense more or less certain. Third, a defendant generally has the right to introduce evidence that is not itself tied to any of the elements of a crime or affirmative defense, but that could have a substantial impact on the credibility of an important government witness. Finally, a defendant must generally be permitted to introduce evidence that, while not directly or indirectly relevant to any of the elements of the charged events, nevertheless tends to place the story presented by the prosecution in

3

a significantly different light, such that a reasonable jury might receive it differently.

Id. at 1363 (emphases added).

"Generally, courts should not prohibit a defendant from presenting a theory of defense to the jury. Nevertheless, the court recognizes that some relevant factual basis for the defense should exist under Federal Rules of Evidence 401 and 402 before evidence or testimony is offered." United States v. Thompson, 25 F.3d 1558, 1564 (11th Cir. 1994). For evidence to be relevant, "(1) [t]he evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action." United States v. Glasser, 773 F.2d 1553, 1559 n.4 (11th Cir. 1985). Irrelevant evidence is inadmissible. Fed. R. Evid. 402. As for relevant evidence, it may be excluded if its probative value is substantially outweighed by the danger of "unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "It is the province of the trial judge to weigh any materiality against any prejudice and, unless the judge's reading is 'off the scale,' his discretion is not abused." United States v. Shelley, 405 F.3d 1195, 1201 (11th Cir. 2005).

Here, the district court did not violate Ray's constitutional rights when it excluded evidence about Beal conducting improper Terry stops in other cases since

4

the evidence does not satisfy any of the four circumstances identified in Hurn.[1]  As for the first one, the evidence involved Beal's conduct in unrelated incidents, and thus, did not directly concern whether Ray possessed drugs in this case.  As for the second, the evidence was not relevant through a reasonable chain of inferences.  As Ray conceded, Beal did not conduct his Terry stop, and the proposed evidence did not involve Beal allegedly or illegally planting drugs (or other evidence) on people.  Further, while the evidence involved an abuse of Beal's authority and a violation of citizens' rights, it did not involve the sort of falsity, criminality, and inculpation of innocent citizens that Ray would seek to have the jury infer may have happened here, and of which he has no other evidence.

As for Hurn's third circumstance, because the government never called Beal as a witness, Ray could not introduce the evidence to impeach Beal's credibility.  As for the fourth one, Beal did not conduct Ray's Terry stop, the evidence had nothing to do with Ray or his case, and other officers testified to drugs being located in Ray's pocket.  As a result, the excluded evidence would not have placed the government's presentation of its evidence in a different light, so that a reasonable jury might have received it differently.  And in any event, despite the court's exclusion of this particular evidence, Ray was still allowed to call Beal as a witness and question him about the events that occurred during Ray's arrest.  Ray

---

[1]    While the parties disagree on whether Ray sufficiently preserved his constitutional claims, we need not resolve that question because even under de novo review, his claim fails.

5

was even granted a continuance before trial to locate and subpoena Beal as a witness, but ultimately chose not to call him to the stand.  On this record, we cannot say the district court violated Ray's Fifth and Sixth Amendment rights.

Nor can we say that the district court abused its discretion in excluding the evidence as inadmissible under the Rules of Evidence, because evidence of Beal's later resignation from the police force was irrelevant to the issues tried in his case.  Any evidence surrounding Beal's resignation would have only related to how he previously conducted improper Terry stops, which Ray conceded Beal did not perform in his case, and would not show that Ray had drugs planted on him.  Consequently, because this evidence was irrelevant, it was inadmissible, and properly excluded.  See Fed. R. Evid. 402.

Finally, even if evidence of Beal's resignation was somehow relevant, it possessed minimal probative value that was substantially outweighed by the danger of unfair prejudice and confusion of the issues.  See Fed. R. Evid. 403.  The focus of Ray's trial was determining whether he possessed 28 grams or more of cocaine, not examining the improper tactics of an assisting police officer in Ray's arrest.  Indeed, Ray does not even challenge the validity of his Terry stop on appeal, where the excluded evidence would have a greater probative effect.  Accordingly, the district court did not err nor abuse its discretion in excluding evidence relating to Officer Beal's resignation, and we affirm.

6

**AFFIRMED.**