[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11304 ; 20-13152
Non-Argument Calendar

_____

D.C. Docket No. 3:19-cr-00138-BJD-PDB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHANGA BUSH,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(March 3, 2021)

Before WILSON, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Changa Bush appeals a special condition of his supervised release prohibiting him from possessing or using a computer or other electronic device capable of connecting to the internet, which the district court reimposed following the revocation of his supervised release. On appeal, Bush argues that the district court failed to consider the 18 U.S.C. § 3553(a) sentencing factors when it imposed the condition. He also argues that the condition improperly delegates power to the probation office and constitutes an employment ban under the sentencing guidelines.[1] After reviewing the record and the briefs, we affirm.

I

In 2019, Bush pled guilty to one count of knowingly producing, trafficking in, having control and custody of, or possessing device-making equipment with the intent to defraud, in violation of 18 U.S.C. § 1029(a)(4). According to the presentence investigation report (PSI), when Bush was arrested and searched, law enforcement discovered two counterfeit driver's licenses, multiple credit cards with different names, two laptops, a magnetic stripe card writer and reader, a long-range wireless adapter, images of three social security cards with different names, and numerous cell phones and USB drives. The PSI stated that, during an

---

[1] Although Bush previously objected to his criminal history category and raised Constitutional claims arising out of the computer restriction condition, he has since abandoned them by not addressing them on appeal, and therefore, it is unnecessary for us to consider them. *See United States v. Wright*, 607 F.3d 708, 713 (11th Cir. 2010).

2

interview, Bush said he purchased fraudulent credit cards and other information from the internet. The PSI also stated that Bush's last employment was as an electrician between 1998 and 2005. Finally, the PSI noted that the nature of the offense may warrant imposing a condition restricting Bush's computer and internet access.

At sentencing, Bush argued that the computer restriction condition would take away his ability to find a job, attend school, and lead a normal life. The court sentenced Bush to 15 months' imprisonment, followed by three years of supervised release. The court imposed the computer restriction as a special condition of Bush's supervised release, prohibiting him from possessing or using a computer, or any other electronic device, capable of connecting to the internet without prior approval from his probation officer. It stated that the probation officer would be authorized to expand the approval or deny it. Bush objected to the sentence and the manner in which the court imposed it. Bush then appealed.

In May 2020, Bush was released from imprisonment and commenced his supervised release. However, he did not report to the probation office in Jacksonville, Florida within 72 hours of his release. Accordingly, an arrest warrant was issued for him because he violated his supervised release. On May 27, 2020, Bush was arrested in South Carolina. At the time of his arrest, Bush had six cell

phones, three driver's licenses with his picture but different identifying information, and three credit cards that did not belong to him.

At his final supervised release revocation hearing, Bush stated that he was in the process of appealing his original sentence and that he maintained his "objections to the sentence and the manner in which it was imposed." He specified that one issue had to do with the computer restriction, "which was a very strict computer restriction." The district court revoked Bush's supervised release and sentenced him to nine months' imprisonment followed by two years of supervised release. Further, the court reinstated the original computer restriction condition for the two-year supervised release term. Bush objected to the substantive and procedural reasonableness of the sentence and raised a general objection to the computer restriction. He then filed a notice of appeal. We consolidated the appeals of Bush's original sentence and his sentence following revocation of supervised release.

II

We review the imposition of a special condition of supervised release for an abuse of discretion. *United States v. Carpenter*, 803 F.3d 1224, 1237 (11th Cir. 2015). However, when a defendant fails to clearly state the grounds for his objection, we review only for plain error. *Id.* "Specifically, a defendant must articulate the specific nature of his objection to a condition of supervised release so

4

that the district court may reasonably have an opportunity to consider it." *Id.* The

defendant must do so in "a manner sufficient to appraise the trial court and the

opposing party of the particular grounds upon which appellate relief will later be

sought." *Id.* at 1237–38 (internal quotation mark omitted).

Under plain error review, a defendant must demonstrate that there is (1) an

error (2) that is plain and (3) affects his substantial rights. *United States v. Turner*,

474 F.3d 1265, 1276 (11th Cir. 2007). If all three conditions are satisfied, we may

exercise our discretion to correct the error if it seriously affects the fairness, integrity,

or public reputation of judicial proceedings. *Id.*

To establish error, a defendant must show that the district court abused its

discretion in imposing the challenged special condition of supervised release.

*Carpenter*, 803 F.3d at 1238. When imposing special conditions of supervised

release, the district court should consider whether each condition: "(1) is

reasonably related to the § 3553(a) factors; (2) involves no greater deprivation of

liberty than is reasonably necessary to serve the purposes of punishment specified

in § 3553(a)(2); and (3) is consistent with any pertinent policy statements issued by

the Sentencing Commission." *Id.* (internal quotation marks and brackets omitted).

Further, an error is plain when it is obvious and clear under current law. *Id.*

Specifically, when "neither the Supreme Court nor this Court has ever resolved an

issue, and other circuits are split on it, there can be no plain error in regard to that issue." *Id.* at 1238–39.

"To determine if a court improperly delegated the judicial authority of sentencing, we have drawn a distinction between the delegation to a probation officer of a ministerial act or support service and the ultimate responsibility of imposing the sentence." *United States v. Nash*, 438 F.3d 1302, 1304–05 (11th Cir. 2006) (per curiam) (internal quotation marks omitted). If the district court makes the determination that a defendant must abide by a condition, "it is permissible to delegate to the probation officer the details of where and when the condition will be satisfied." *Id.* at 1305.

Moreover, a district court "may impose a condition of . . . supervised release prohibiting the defendant from engaging in a specified occupation, business, or profession, or limiting the terms on which [he] may do so," if it first determines that certain criteria are met. *See* U.S.S.G. § 5F1.5(a). For example, it must determine that "a reasonably direct relationship existed between the defendant's occupation, business, or profession and the conduct relevant to the offense of conviction." *Id.* § 5F1.5(a)(1).

III

As an initial matter, we review Bush's claims for plain error because he failed to raise these specific challenges to the computer restriction condition in the district court. *See Carpenter*, 803 F.3d at 1238.[2]

Bush's challenges to the computer restriction condition each fail. First, the district court did not improperly delegate authority to the probation office. Similar to the special condition in *Nash*, the district court here imposed a clear mandate, "subject to the administrative supervision of a probation officer," as it required Bush to seek prior approval from his probation officer before accessing a computer or the internet. *See Nash*, 438 F.3d at 1306 (upholding a condition that "[t]he defendant shall secure approval from the probation office before opening any checking, credit, or debit account"). Therefore, Bush's probation officer is left with the ministerial function of how, when, and where Bush can access a computer and the internet. *See id.* Moreover, even if the district court did err, Bush cannot show that the error was plain because neither the Supreme Court nor this court has resolved whether a special condition requiring a probation officer's approval to

---

[2] Even though Bush's objection "to the substantive and procedural reasonableness" of his sentence preserved any claims regarding the reasonableness of his sentence, it does not appear to preserve his specific challenges to the computer restriction condition. *See Carpenter*, 803 F.3d at 1238.

access a computer, or the internet, is an improper delegation of judicial authority. *See Carpenter*, 803 F.3d at 1238–39.

Second, the computer restriction condition does not constitute an employment ban under § 5F1.5(a) of the Sentencing Guidelines, as the special condition does not prohibit Bush from engaging in a specified occupation. *See* U.S.S.G. § 5F1.5(a). For example, the computer restriction does not prohibit Bush from working as an electrician—his last reported employment. At most, it may limit the terms on which Bush can engage in an occupation relating to computers and the internet, since he can receive approval from the probation office to do so. Third, the district court did not err in imposing the computer restriction condition by failing to consider the § 3553(a) factors. The district court explicitly stated that it had considered the § 3553(a) factors during both sentencing hearings. Further, the district court discussed the inconveniences and hardships faced by the victims of Bush's crimes and explained that the special condition was necessary to deter Bush from future criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(B), (C). Moreover, the restriction is reasonably related to the § 3553(a) factors, as Bush "used the internet as a tool" in the underlying offense. *See United States v. Taylor*, 338 F.3d 1280, 1285 (11th Cir. 2003) (upholding a similar computer restriction in the context of a sex offense). For example, Bush purchased fraudulent credit cards

and other information from the internet, and he needs a computer and the internet to use the equipment he was charged with possessing.

In addition, the computer restriction condition does not appear to be greater than necessary to achieve the purposes of sentencing. The condition is not unduly restrictive because Bush can still use computers with internet access if he obtains prior permission from his probation officer. *See id.* In sum, the district court did not abuse its discretion in imposing the computer restriction condition and, therefore, Bush cannot demonstrate that an error occurred.

We conclude that the district court did not plainly err when imposing the computer restriction condition. Accordingly, we affirm.

**AFFIRMED.**