[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10811
Non-Argument Calendar

_____

D.C. Docket No. 4:19-cr-00007-CDL-MSH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOUGLAS JOELL PORTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(April 2, 2021)

Before JILL PRYOR, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Douglas Porter pleaded guilty to one count of knowingly possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). The district court sentenced him to 151-months' imprisonment followed by 10 years of

supervised release. The court imposed various standard conditions on the supervised release. One of these—the risk condition—is relevant here:

> If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

On appeal, Porter contends that the district court unconstitutionally delegated the judicial authority of sentencing to a probation officer in violation of Article III of the U.S. Constitution when it imposed this risk condition.

Porter did not raise this challenge in the district court, so we review only for plain error. *United States v. Nash*, 438 F.3d 1302, 1304 (11th Cir. 2006). Plain error requires: 1) an error, 2) that was plain, and 3) that affected the defendant's substantial rights. *Id.* Where those preconditions are met, this Court may reverse if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* If neither the Supreme Court nor this Circuit has directly resolved an issue, then there can be no plain error. *United States v. Lange*, 862 F.3d 1290, 1296 (11th Cir. 2017).

The right to impose a punishment provided by law is judicial. *Nash*, 438 F.3d at 1305. But because probation officers play a vital role in effectuating sentences, "courts may delegate duties to probation officers 'to support judicial functions, as long as a judicial officer retains and exercises ultimate

2

responsibility.'" *Id.* (quotation omitted). This means that although a court must make the ultimate determination of whether a defendant must abide by a condition, it can delegate to a probation officer the details of where and when that condition will be satisfied. *Id.*

We already held that an earlier version of the standard risk condition did not improperly delegate judicial authority. In *United States v. Nash*, we noted that the language of the condition did not permit the probation officer to unilaterally decide whether Nash "shall" do something. *Id.* at 1306. Instead, the condition only allowed the officer to direct when, where, and to whom notice must be given. *Id.* For that reason, the risk condition did not impermissibly delegate the ultimate responsibility of determining Nash's sentence to the discretion of the probation officer. *Id.*

After we decided *Nash*, the Sentencing Commission revised the risk condition to clear up "potential ambiguity in how the condition [was] phrased." U.S. Sentencing Guidelines App. C, Amend. 803 (2016). Specifically, it rephrased the condition to make it "easier for defendants to understand and probation officers to enforce." *Id.* But although the phrasing of the condition changed, its substance remained the same. A probation officer still cannot "unilaterally decide" whether the defendant is subject to the condition. *Nash*, 438 F.3d at 1306. Instead, the condition simply gives the officer control over the details of to whom notice must

3

be given. *See id.* So because the substance of the risk condition has not changed, *Nash*'s holding applies to the revised version too. And that means that the district court did not improperly delegate judicial authority when imposing the condition.

Porter pushes back on applying *Nash*'s holding to the revised version of the risk condition. But even if we were to agree that imposing the revised risk condition was error, Porter failed to show that any error was plain. No case from this Circuit or the Supreme Court demonstrates that the risk condition improperly delegates judicial authority. *See Lange*, 862 F.3d at 1296. So given the holding of *Nash*, and the lack of any controlling authority to the contrary, we find that the district court did not commit plain error in imposing the risk condition.

**AFFIRMED.**