[DO NOT PUBLISH]

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 20-14750

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TONY DESHANE BROWN,
a.k.a. Antowayne Deshane Hill,

a.k.a. Antowayne Deshan Hill,

a.k.a. Antowayne Hill,

a.k.a. Antowayne Pollard,

a.k.a. Antowayne Deshan Pollard,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:16-cr-00104-GKS-LRH-1

————————————

Before JILL PRYOR, BRANCH and DUBINA, Circuit Judges.

PER CURIAM:

Tony Brown appeals his conviction for possession with intent to distribute cocaine. First, Brown argues that the district court erred by denying his motion to suppress the bag containing cocaine found during an investigative stop because the officers did not reasonably believe that a weapon was in his paper bag. Second, he argues that the district court plainly erred by failing to dismiss the indictment *sua sponte* due to speedy trial concerns. After reading the parties' briefs and reviewing the record, we AFFIRM in part and VACATE and REMAND in part.

I.

In June 2016, Brown was indicted for one count of possession with intent to distribute cocaine and one count of being a felon in possession of a firearm.  An arrest warrant was issued on the day he was indicted, but Brown was not arrested and detained until February 2020.  In March 2020, Brown was indicted in a superseding indictment that alleged the same counts as the first indictment.  Brown filed a motion to suppress the statements he made to officers and the evidence the officers recovered at the time of his detention — cocaine and a firearm and ammunition. The district court conducted a hearing on the motion to suppress and then denied the motion.  Brown proceeded to trial, renewing the objections stated in his motion to suppress.  A jury found him guilty of cocaine possession with intent to distribute but not guilty of being a felon in possession of a firearm.

## II.

A district court's denial of a defendant's motion to suppress is reviewed under a mixed standard of review, reviewing the district court's findings of fact for clear error and the district court's application of law to those facts *de novo*. *United States v. Smith*, 459 F.3d 1276, 1290 (11th Cir. 2006). The court's factual findings are construed in the light most favorable to the prevailing party. *Id.*

The Fourth Amendment guarantees the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. *United States v. Ross*, 963 F.3d 1056, 1062 (11th Cir. 2020) (*en banc*). Warrantless searches and seizures are *per se* unreasonable, subject to a few exceptions. *United States v. Steed*, 548 F.3d 961, 967 (11th Cir. 2008).

An officer may warrantlessly seize an individual for an investigatory detention if he has reasonable grounds to believe that the suspect is armed and dangerous. *Terry v. Ohio*, 392 U.S. 1, 28-29, 88 S. Ct. 1868, 1883-84 (1968). However, when an officer is executing a search warrant on a dwelling, he may detain anyone within the dwelling while they execute the search, even if he has no reason to suspect wrongdoing. *United States v. Mastin*, 972 F.3d 1230, 1237 (11th Cir. 2020), *cert. denied*, ___ U.S. ___, 141 S. Ct. 1237 (2021).

During an investigatory detention, the officer may search the suspect for concealed objects that he reasonably believes may be weapons or other instruments of assault. *United States v. Johnson*, 921 F.3d 991, 997 (11th Cir. 2019) (*en banc*), *cert. denied*, ___ U.S. ___, 140 S. Ct. 376 (2019). "A frisk reasonably designed to discover guns, knives, clubs, or other hidden instruments for

the assault of the police officer does not exceed its permissible scope." *Id.*   In determining whether a protective search for weapons comports with the Fourth Amendment, we ask whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger. *Id.* at 997-98 (upholding seizure of bullet from defendant's pocket discovered during pat down where officer was in high-crime area late at night, knew defendant matched burglar suspect's description, and knew burglars tended to carry weapons).

More generally, officers may search the arrestee's person and the area within his immediate control, or the area from within which he might gain possession of a weapon. *Arizona v. Gant*, 556 U.S. 332, 339, 129 S. Ct. 1710, 1716 (2009) (discussing search incident to arrest).  If there is no possibility that the arrestee could reach into the area that law enforcement officers seek to search,

20-14750                Opinion of the Court                7

the search-incident-to-arrest exception does not apply.  *Compare id.* at 335-336, 350-51 (holding unlawful a search of arrestee's vehicle while arrestee is handcuffed and locked in police car), *with Johnson*, 921 F.3d at 1001 (rejecting defendant's argument that being handcuffed and in the presence of two officers during frisk eliminated danger).

Individuals do not have a Fourth Amendment interest in items in which they lack a reasonable expectation of privacy, like, for example, abandoned property.  *Ross*, 963 F.3d at 1062.  Where the government does not argue that a defendant abandoned property in which he later claims a reasonable expectation of privacy, it waives that argument, and we will not consider it for the first time on appeal.  *Id.* at 1065-66.  This is because abandonment is a finding of fact normally made by the district court.  *Id.* at 1066.

Based on our review of the record, we conclude that the district court erred in denying Brown's motion to suppress. The officers were permitted to detain Brown once Brown entered the backyard of the duplex; however, the officers exceeded the scope of their detention when they seized and searched the white paper bag that Brown threw or dropped near the vehicle. The government did not argue, and the district court did not find or hold, that the officers had a reasonable belief that there was a weapon in Brown's white bag. *See Johnson*, 921 F.3d at 997-98. Moreover, even if the officers had testified that they believed a weapon was in the bag, there was no possibility of Brown accessing the bag while he was handcuffed and sitting in a chair away from the bag. Thus, we conclude that the officers violated Brown's Fourth Amendment rights when they searched the bag. Because the district court did not explain why the officers' safety required them

to search the bag, and the government did not address this issue on appeal, we conclude that the district court erred by denying Brown's motion to suppress the cocaine.

Further, the government's abandonment argument fails because it did not argue in the district court that Brown abandoned the bag. Abandonment is a factual issue that must be determined by the district court. *See Ross*, 963 F.3d at 1066. Thus, we will not consider this argument on appeal.

Based on the aforementioned reasons, we vacate and remand as to this issue.

## III.

Usually, constitutional law questions are reviewed *de novo*, but, when raised for the first time on appeal, they are subject to plain error review. *United States v. Nash*, 438 F.3d 1302, 1304 (11th Cir. 2006). Plain error requires: (1) an error; (2) that was

plain; and (3) that affected the defendant's substantial rights. *Id.* A plain error affects an appellant's substantial rights if he can show a reasonable probability that, but for the error, the outcome of the proceeding would have been different. *United States v. Reed*, 941 F.3d 1018, 1021 (11th Cir. 2019). The defendant has the burden to show plain error. *United States v. DiFalco*, 837 F.3d 1207, 1221 (11th Cir. 2016).

In all criminal prosecutions, the accused shall enjoy the right to a speedy trial. U.S. CONST. AMEND. VI. To determine whether a delay in a defendant's trial deprived him of his constitutional right to a speedy trial, we weigh the following factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) the actual prejudice to the defendant. *United States v. Machado*, 886 F.3d 1070, 1079 (11th

20-14750                 Opinion of the Court                      11

Cir. 2018) (citing *Barker* factors)[1].   The defendant must demon-

strate actual prejudice unless each of the first three factors weighs

heavily against the government.  *Id.* at 1081.

Delays exceeding one year are presumptively prejudicial.

*United States v. Ingram*, 446 F.3d 1332, 1336 (11th Cir. 2006).  The

burden is on the prosecution to explain the cause of pretrial delay.

*Id.* at 1337.  However, a defendant who intentionally evades the

government's efforts to bring him to trial is culpable in causing

the delay.  *Id.*  The government's deliberate attempts to delay the

trial should be weighted heavily against the government, whereas

a more neutral reason such as negligence should be weighted less

heavily.  *Machado*, 886 F.3d at 1080.  To show actual prejudice,

the defendant must show oppressive pretrial incarceration, his

---

[1] *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182 (1972)

12                    Opinion of the Court                    20-14750

own anxiety and concern, or the possibility that his defense was impaired because of the delay. *Id.* at 1081-82.

Our review of the record persuades us that the district court did not plainly err by failing to dismiss the indictment. The district court properly weighed the *Barker* factors enunciated in *Machado*, *supra*, to find that Brown's speedy trial rights were not violated. First, the four-year delay in bringing Brown to trial was presumptively prejudicial and weighs in his favor. *See Ingram*, 446 F.3d at 1336. Second, the reason for the delay factor weighs slightly in Brown's favor because the government was negligent in bringing Brown to trial. Brown was free for four years without being arrested and he encountered police and government officials during that time. *See Machado*, 886 F.3d at 1080. Third, Brown never asserted his right to a speedy trial, which weighs in favor of the government. *See id.* at 1079. Fourth, Brown's only

argument regarding actual prejudice is that his delayed trial inhibited his cooperation with law enforcement, which does not allege actual prejudice.  *See id.* at 1081-82.

We conclude, as did the district court, that although two factors weigh in Brown's favor, he fails to show actual prejudice; thus, Brown cannot show that the outcome of the proceedings would have been different but for the error.  Accordingly, the district court did not plainly err by failing to *sua sponte* dismiss the indictment.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.