[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10639

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DARIUS MONTERRO WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:19-cr-00401-LCB-GMB-1

_____

Before ROSENBAUM, BRANCH, and ABUDU, Circuit Judges.

PER CURIAM:

Darius Williams argues for the first time on appeal that the district court plainly erred in failing to orally pronounce the standard conditions of supervised release at sentencing.[1]    After review, we affirm.

## I.      Background

Williams pleaded guilty pursuant to a written plea agreement to possession of a firearm by a convicted felon in

---

[1] Williams also lists as an issue in his counseled brief "whether the guilty plea was made voluntarily and with full knowledge of the consequences." However, he provides no argument that the plea was not knowingly and voluntarily made. Instead, he appears to concede that the plea was knowingly and voluntarily made by recounting the procedural history of his case and stating that:

> A careful review of the district court proceedings reflect compliance that the Appellant was fully competent and capable of entering an informed plea; he was aware of the nature of the charge and the consequences of entering a plea of guilty; that he was knowingly and voluntarily entering that plea; and such plea was supported by an independent basis in fact which contained each of the essential elements of the offense.

Accordingly, we conclude that he has abandoned any challenge to the knowing and voluntary nature of his plea, and we do not address this issue further. *United States v. Campbell*, 26 F.4th 860, 872–73 (11th Cir.) (*en banc*), *cert. denied*, 143 S. Ct. 95 (2022).

violation of 18 U.S.C. §§ 922(g)(1) and 924(e).[2]  As part of the plea, the government agreed to a binding, stipulated sentence of 180 months' imprisonment followed by a period of supervised release "to be determined by the [c]ourt, subject to the [c]ourt's standard conditions of supervised release" and any special conditions determined by the court.[3]

At sentencing, the district court explained that Williams's plea agreement called for a specific sentence, and the court concluded that the specified sentence satisfied the 18 U.S.C. § 3553(a) sentencing factors.  The district court then sentenced Williams to 180 months' imprisonment per the stipulation in the plea agreement to be followed by 5 years' supervised release.  The district court explained that "while on supervised release, [Williams] shall comply with the standard conditions of supervised release of record in this court."  Additionally, the district court imposed six special conditions of supervised release and reviewed each of the special conditions with Williams.  Williams did not raise any objections at sentencing.  This appeal followed.

## II.    Discussion

---

[2] As part of the plea agreement, Williams stipulated to the fact that he had four prior Alabama robbery convictions that qualified as violent felonies for purposes of the Armed Career Criminal Act.

[3] The plea agreement also contained a sentence-appeal waiver, but the government expressly declines to invoke the waiver in this case.  Because the government does not seek to invoke the waiver, we do not address Williams's arguments concerning the validity of the appeal waiver.

4                    Opinion of the Court                    24-10639

Williams argues that the district court plainly erred in failing to orally pronounce each of the standard discretionary conditions of supervised release at sentencing.

"We [generally] review the terms of . . . supervised release for abuse of discretion." *United States v. Nash*, 438 F.3d 1302, 1304 (11th Cir. 2006). "When a defendant fails to object at sentencing to the conditions of supervised release, we ordinarily review for plain error." *United States v. Hayden*, 119 F.4th 832, 838 (11th Cir. 2024). Under plain-error review, "[a]n appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Rodriguez*, 75 F.4th 1231, 1241 (11th Cir. 2023). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. (quotations omitted).

Section 3583 of Title 18 of the United States Code imposes several mandatory conditions of supervised release and provides that the court may order further conditions. 18 U.S.C. § 3583(d). The Sentencing Guidelines provide for thirteen standard conditions that are generally recommended.[4] U.S.S.G. § 5D1.3(c),

---

[4] The standard conditions in the sentencing guidelines include that the defendant report to the probation office within 72 hours of his release from prison; "report to the probation officer as instructed" and answer the officer's questions truthfully; not leave his district of residence without permission from the probation officer or the court; reside at a location approved by the probation officer and notify the probation officer in advance of any change in

(d).  The Northern District of Alabama has adopted these same mandatory and standard conditions, and all conditions appear in a published general order and are also listed on the court's website. *See* United States District Court, N.D. Ala., *General Order Regarding Conditions of Probation and Supervised Release* (March 2018), https://perma.cc/VL2P-KET6; *see also Conditions of Supervision*, https://www.alnp.uscourts.gov/conditions-supervision [https://perma.cc/8W47-7KCD].

"[A] district court must pronounce at the defendant's sentencing hearing any discretionary conditions of supervised release—that is, any condition of supervised release other than those mandatory conditions set forth in 18 U.S.C. § 3583(d)." *Rodriguez*, 75 F.4th at 1246.  The failure of the district court to do so violates the defendant's Fifth Amendment right to due process. *Id.* at 1247–48.  However, this requirement does not require the district court to orally pronounce each and every individual discretionary condition.  *Hayden*, 119 F.4th at 838.  Rather, the

residence; allow the probation officer to visit and inspect his residence; work full time; refrain from associating with other convicted felons or anyone engaged in criminal activity; notify the probation officer if the defendant is arrested or questioned by police; refrain from possessing or having access to guns and ammunition and other dangerous weapons; not agree to act, or otherwise act, as a confidential source to law enforcement without permission of the court; as determined by the probation officer, notify certain persons or organizations that the defendant poses a risk to another; and follow the probation officer's instructions related to supervision conditions.  *See* U.S.S.G. § 5D1.3(c).

"district court may easily satisfy this requirement by referencing a written list of supervised release conditions," such as a standing administrative order.  *Rodriguez*, 75 F.4th at 1246; *see also Hayden*, 119 F.4th at 838 ("A reference to a written list of conditions is enough to afford a defendant the opportunity to challenge the conditions of supervised release, which is all that due process requires.").

Here, the district court stated at sentencing that Williams would be required to "comply with the standard conditions of supervised release of record in this court."  Williams did not object to the district court's failure to describe each of the standard conditions.  Therefore, "we review his [due process] challenge for plain error."  *Hayden*, 119 F.4th at 838.

We conclude that no error, much less plain error occurred. Contrary to Williams's argument, the district court was not required to orally pronounce each individual standard condition. *Id.*  Rather, the district court complied with the oral pronouncement requirement when it referenced expressly "the standard conditions of supervised release of record in this court." *Id.*  This pronouncement provided Williams with notice that the court was imposing the standard conditions as adopted by the Northern District of Alabama, and at that point, Williams had an opportunity to object to those conditions or seek clarification as to the nature of each individual condition, but he failed to do so.  *Id.* ("A reference to a written list of conditions is enough to afford a defendant the opportunity to challenge the conditions of

supervised release, which is all that due process requires."); *Rodriguez*, 75 F.4th at 1246 ("By referencing at sentencing a written list, the court affords any defendant who is unfamiliar with the conditions the opportunity to inquire about and challenge them."). The district court then included those same conditions in Williams's written judgment. Accordingly, there was no due process violation.

**AFFIRMED.**