[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14597

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

GLEN SPEARING MATTHEWS,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:01-cr-00018-MTT-CHW-1

_____

Before JORDAN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Glen Matthews appeals the district court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Mr. Matthews argues that the district court erred in concluding that the sentencing disparity in his case was not an "extraordinary and compelling" reason for compassionate release under U.S.S.G. § 1B1.13. He asserts that *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), *petition for cert. denied*, No. 20-1732 (U.S. Dec. 6, 2021), was erroneously decided because § 1B1.13 and its enabling clause, 28 U.S.C. § 994(t), are unconstitutional and thus non-binding on district courts. After review of the parties' briefs and the record, we affirm.[1]

I

In 2001, a jury convicted Mr. Matthews of three counts of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2113(d); three counts of possession of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e)(1). The district court sentenced him to 1,047 months in prison.

---

[1] Because we write for the parties, and assume their familiarity with the record, we set out only what is necessary to explain our decision.

Following the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), we granted Mr. Matthews leave to file a successive 28 U.S.C. § 2255 motion based on his argument that the enhanced portion of his sentence under the Armed Career Criminal Act was no longer valid. In March of 2017, the district court granted Mr. Matthews' § 2255 motion and resentenced him to 840 months in prison.

On October 6, 2020, Mr. Matthews filed a motion for compassionate release. He argued that the portion of his new sentence pertaining to the three § 924(c) counts was 45 years longer than it would have been had he been sentenced after Congress' enactment of the First Step Act. This sentencing disparity, Mr. Matthews contended, presented an "extraordinary and compelling" reason to reduce his sentence.

The district court denied Mr. Matthews' motion, finding that he had "failed to provide extraordinary and compelling circumstances that would warrant relief." D.E. 258 at 2. The district court explained that the issues raised by Mr. Matthews were "not governed by the compassionate release statute found at 18 U.S.C. § 3582(c)(1)(A) and [the] sentencing guidelines found at [U.S.S.G.] § 1B1.13 . . . [because] § 1B1.13 primarily deals with grounds for compassionate release based on the defendant's medical condition, family circumstances and whether the defendant is a danger to the safety of any other person or the community." *Id.*

4                    Opinion of the Court                    20-14597

This appeal followed.[2]

## II

## A

Typically, we review a district court's denial of a § 3582(c)(1)(A) motion under an abuse of discretion standard. *See, e.g., United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). Where a party fails to raise an objection before the district court, however, our review of the challenge on appeal is for plain error. *See United States v. Nash*, 438 F.3d 1302, 1304 (11th Cir. 2006).

Mr. Matthews argues, for the first time on appeal, that 28 U.S.C. § 994(t) constitutes an unconstitutional delegation of authority to the United States Sentencing Commission. Thus, he contends that U.S.S.G. § 1B1.13 is void and did not bind the district court. Because Mr. Matthews did not object to the

---

[2] Mr. Matthews' notice of appeal was untimely—he deposited his notice of appeal in the prison's mailbox two days after the 14-day period to appeal had lapsed. *See* Fed. R. App. P. 4(b)(1). We "customarily treat a late notice of appeal in a criminal case as a motion for an extension of time pursuant to Fed. R. App. P. 4(b) and remand the case to the district court for a determination of excusable neglect." *Sanders v. United States*, 113 F.3d 184, 186 (11th Cir. 1997). In this case, however, the government has explicitly waived the untimeliness argument and asked us to consider Mr. Matthews' arguments rather than remand for an excusable neglect determination. *See* Answer Br. at 4–6. Because the deadlines in Rule 4(b) are not jurisdictional, and given the government's explicit waiver, we consider Mr. Matthews' appeal on the merits. *See United States v. Lopez*, 562 F.3d 1309, 1312–13 (11th Cir. 2009).

20-14597          Opinion of the Court          5

constitutionality of either § 994(t) or § 1B1.13 in the district court, plain error review applies. *See id.*

Under plain error review, an error is reversible only if we conclude that (1) an error occurred, (2) the error was plain, and (3) the error affected substantial rights. *See id.* "An error is not plain unless it is contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court." *United States v. Schultz*, 565 F.3d 1353, 1357 (11th Cir. 2009). If the three criteria are met, we may reverse for plain error if the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *See Nash*, 438 F.3d at 1304.

## B

Mr. Matthews' arguments are foreclosed by our decision in *Bryant*—a fact he concedes. *See* Initial Br. at 36. Nevertheless, he "maintains that § 1B1.13 was not an 'applicable policy statement' to his motion," *id.* at 37, and urges us to conclude that § 994(t) and Application Note 1(D) to § 1B1.13 are unconstitutional despite *Bryant*.[3]

In *Bryant*, we held that "a district court cannot grant a motion for reduction if it would be inconsistent with the [Sentencing]

---

[3] Mr. Matthews argues that we decided *Bryant* incorrectly, citing to opinions from eight of our sister circuits. We acknowledge that other circuits have reached different results, but as a later panel *Bryant* is binding on us and applies to Mr. Matthews' motion. We note that the Supreme Court denied certiorari in *Bryant*, thereby declining an opportunity to resolve the circuit split.

Commission's policy statement defining 'extraordinary and compelling reasons.'" 996 F.3d at 1249. The Commission's definition, we concluded, is binding on district courts. *See id.* at 1251–52. We explained that in § 994(t) Congress commanded the Sentencing Commission to publish a policy statement that defines "extraordinary and compelling" reasons for compassionate release, which the Sentencing Commission did in § 1B1.13. *See id.* at 1247, 1251.

Further, we stated that Application Note 1(D) to § 1B1.13, which allows the Director of the BOP to determine "extraordinary and compelling" reasons to reduce a defendant's sentence that fall outside the scope of the reasons in subdivisions (A) through (C), does not conflict with § 3582(c)(1)(A). *See* 996 F.3d at 1263. Because "[t]he BOP can . . . take a position on a defendant-filed motion, . . . Application Note 1(D) has a field of application there as well." *Id.* at 1264. As such, in considering defendant-filed § 3582(c)(1)(A) motions, district courts must still follow the "extraordinary and compelling" reasons as determined by the BOP and may not independently determine what "extraordinary and compelling" reasons exist for reducing a defendant's sentence. *See id.*

Mr. Matthews' challenge to the constitutionality of 28 U.S.C. § 994(t) and U.S.S.G. § 1B1.13 fails under the plain error standard because he has not identified any statute or controlling precedent declaring these provisions unconstitutional. *See Schultz*, 565 F.3d at 1357. Additionally, based on our holding in *Bryant*, the district court did not err in denying Mr. Matthews' motion for

compassionate release because a sentencing disparity is not one of the "extraordinary and compelling" grounds for which the district court may grant relief under § 1B1.13.

## III

We affirm the district court's order denying Mr. Matthews' motion for compassionate release.

**AFFIRMED.**